**ADANTE D. POINTER, ESQ., 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROMIE INGALISE an individual; | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES (42 U.S.C § 1983) |
| v. | |
| BAY AREA RAPID TRANSIT DISTRICT, a municipal corporation; and DOES 1-50, inclusive. | JURY TRIAL DEMANDED |
| Defendants. | |

## INTRODUCTION

1. On the afternoon of February 20, 2020, Jeromie Ingalise, an African-American colleges student that works part-time, and his co-worker finished work for the day as security guards for Charles Schwab, boarded a Bay Area Rapid Transit ("BART") train. Once Mr. Ingalise reached Fruitvale station, he and his coworker went to exit the station. Upon swiping his clipper card to exit, Mr. Ingalise realized he had insufficient funds to exit. As is customary, Mr.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 1

1  Ingalise attempted to add funds to his card. Mr. Ingalise approached the ticket counter but the

2  service agent was on break so instead he approached a yet-to-be-identified BART officer.

3    2. Mr. Ingalise approached the officer and explained his situation. Shockingly,

4  Officer failed to provide aid and instead detained Inglaise. Although Mr. Ingalise was surprised

5  by the Officers conduct, Mr. Inglaise complied with the Officer's orders.

6    3. Unexpectedly and without lawful cause, the Officer forcefully handcuffed Mr.

7  Ingalise causing his finger to break. Mr. Ingalise was placed handcuffed into a hot patrol vehicle

8  with the windows up.

9    4. Mr. Ingalise after some time was released and provided a ticket for fare evasion

10 despite his possession of a clipper card and no actual attempt to ever leave the station without

11 paying the fare.

12   5. After investigation of Mr. Ingalise's complaint against the officers, the citation

13 was found to be improper and without merit. The officer lack of justification for providing a

14 citation demonstrates that Mr. Ingalise was not trying to evade paying fare and the actions of the

15 officer were a violation of Mr. Ingalise's constitutional rights.

## JURISDICTION

  6. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland, in Alameda County, California, which is within this judicial district.

## PARTIES

  7. Plaintiff JEROMIE INGLAISE (hereinafter "Plaintiff") is a competent adult, a resident of Oakland, California, and a citizen of the United States.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 2

8. Defendant BAY AREA RAPID TRANSIT DISTRICT (hereinafter "BART") is a municipal public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant BART has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the BAY AREA RAPID TRANSIT DISTRICT POLICE DEPARTMENT and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant BART was the employer of Yet-to-be-named Doe Defendant and DOES 1-25, individually and as peace officers.

9. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

10. Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant BART at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 3

the police officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

11. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the Bay Area Rapid Transit District.

12. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

14. Plaintiff filed a timely government tort claim on August 27, 2020, and the Bay Area Rapid Transit District rejected the claim by operation of law.

## FACTUAL ALLEGATIONS

15. On the afternoon of February 20, 2020, Jeromie Ingalise and his co-worker finished left work for the day as security guards for Charles Schwabb. Both men boarded a Bay Area Rapid Transit ("BART") train to Fruitvale BART station. Upon reaching the Fruitvale BART station, Mr. Ingalise and his co-worker descended the train and attempted to exit the station.

16. Mr. Ingalise reached the BART gate and lawfully swiped his Clipper card to exit. After attempting to swipe the clipper card, he was alerted by the machine that there were insufficient funds available to exit. Mr. Ingalise then, as is customary, attempted to add money to his Clipper card. Mr. Ingalise proceeded to the service counter for assistance. The on duty attendant at that moment was on a break.

17. At this point, Mr. Ingalise noticed a yet-to-be-named doe BART police officer nearby and decided to ask him for assistance. Mr. Ingalise approached yet-to-be-named doe

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 4

BART Officer and apprised him of the situation. Instead of providing aid the yet-to-be-named doe BART officer immediately detained Mr. Inglaise for investigation. Mr. Ingalise complied with the Officer's orders. Mr. Inglaise explained to the officer that he did not have his identification card.

18. Suddenly without cause, the officer grabbed Mr. Ingalise and forcefully handcuffed him causing in Mr. Inglaise finger to break. After handcuffing Mr. Inglaise, the officer proceeded to take Mr. Ingalise out of the BART station and placed him in a hot patrol car.

19. After being released, Mr. Ingalise went to the ticket counter and complained to the BART employee. Mr. Ingalise explained what happened to the BART attendant. The attendant told Mr. Ingalise that he should not have been given a citation but simply asked for his clipper card. The error in being given a ticket was not only noted by the attendant but also sustained by the Office of Police Auditor's as an improper citation.

20. At the time of the incident, Jeromie Ingalise is a college student that also works as a security guard for Charles Schwabb. Mr. Ingalise is an African-American.

21. As a result of the yet-to-be-named Doe officers' uses of force, Plaintiff suffered physical injury, and was unlawfully seized.

**DAMAGES**

22. As a consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

23. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 5

U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(PLAINTIFF against DOES 1-25)*

24. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

25. When Defendant detained and forcefully handcuffed Plaintiff, the officer had no reasonable suspicion or probable cause. Plaintiff had committed no crime. Therefore, the use of any force, including grabbing and handcuffing, was unlawful and excessive. Defendant officers' conduct was excessive and unreasonable, which violated both his training and Plaintiffs' constitutional rights under the Fourth Amendment.

26. As a result of their misconduct, Defendants are liable for Plaintiffs' injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)**
*(PLAINTIFF against DOES 1-25)*

27. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

28. When Defendant arrested Plaintiff, he had no reasonable suspicion and/or probable cause to arrest him, and issued no lawful warnings and/or instructions. Furthermore, Plaintiff had not committed any crimes. Therefore, Defendants' use of force, detention and arrest of Plaintiff was an unlawful seizure that violated both his training and Plaintiffs' constitutional rights under the Fourth Amendment.

29. As a result of their misconduct, Defendant officer is liable for Plaintiffs' injury and imprisonment.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 6

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(PLAINTIFF against, BAY AREA RAPID TRANSIT DISTRICT and DOES 1-25)*

30. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

31. Plaintiff brings this "Bane Act" claim individually for direct violation of their own rights.

32. By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiffs' rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. Plaintiffs' right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b. Plaintiffs' right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

   c. Plaintiffs' right to assemble and to free speech as secured by the First Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

33. Excessive force, which violates the Fourth Amendment, also violates the Bane Act. Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 7

34. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiffs' rights; none was accidental or merely negligent.

35. Alternatively, Defendants violated Plaintiffs' rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

   a. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

   b. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

   c. Defendant striking and/or physically accosting Plaintiff in the absence of any threat or need for such force;

   d. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

   e. Using excessive, unreasonable and unjustified force against Plaintiff while they attempted to comply with the officers;

   f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

   g. Violating multiple rights of Plaintiff;

   h. Arresting Plaintiff for no reason.

36. Defendant BAY AREA RAPID TRANSIT DISTRICT is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 8

37. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**FIFTH CAUSE OF ACTION**
**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(PLAINTIFF against, BAY AREA RAPID TRANSIT DISTRICT and DOES 1-25)*

38. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

39. Defendant, while working as an employee for the Defendant BAY AREA RAPID TRANSIT DISTRICT police department, and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

40. As a result of the actions of the Defendant, Plaintiff suffered physical injury. Defendant and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out his duties was an unreasonable use of force.

41. Defendant BAY AREA RAPID TRANSIT DISTRICT is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

42. As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injury and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 9

## SIXTH CAUSE OF ACTION
**(Negligence)**
(*PLAINTIFF against BAY AREA RAPID TRANSIT DISTRICT and DOES 1-25*)

43. Plaintiff hereby re-alleges and incorporate by reference each and every paragraph of this Complaint except any reference to intentional conduct.

44. At all times, Defendants and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

45. At all times, Defendants and Does owed Plaintiff the duty to act with reasonable care.

46. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   a. to refrain from using excessive and/or unreasonable force against Plaintiff;
   b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;
   c. to refrain from abusing their authority granted them by law;
   d. to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

47. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

48. Defendant BAY AREA RAPID TRANSIT DISTRICT is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 10

49. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

**SEVENTH CAUSE OF ACTION**
**(False Imprisonment/Illegal Detention)**
*(PLAINTIFF against BAY AREA RAPID TRANSIT DISTRICT and DOES 1-25)*

50. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

51. Defendants and DOES 1-25 detained and assaulted Plaintiff without just cause and under false pretenses. Defendants restrained, detained, and/or confined Plaintiff without his consent or a lawful basis for a significant period of time.

52. As a result of the Defendants and Does 1-50 unlawful confinement, Plaintiff suffered emotional distress and physical injury.

53. Defendant BAY AREA RAPID TRANSIT DISTRICT is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**EIGHT CAUSE OF ACTION**
**(False Arrest)**
*(PLAINTIFF against BAY AREA RAPID TRANSIT DISTRICT and DOES 1-25)*

54. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

55. Defendant Does, while working as employees for the BAY AREA RAPID TRANSIT DISTRICT POLICE DEPARTMENT, and acting within the course and scope of their duties, falsely arrested Plaintiff without any reasonable suspicion and/or probable cause.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 11

56. As a result of the actions of these Defendants, Plaintiff suffered physical injuries and/or emotional distress. Defendants did not have legal justification for using force, arresting and/or detaining.

57. Defendant BAY AREA RAPID TRANSIT DISTRICT is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

## JURY DEMAND

58. Plaintiff hereby demands a jury trial in this action.

## PRAYER

Wherefore, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages against DOES 1-50;
4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law against Defendant BAY AREA RAPID TRANSIT DISTRICT and its employees
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

/

/

/

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 12

Date: February 1, 2021                         Respectfully submitted,

**POINTER & BUELNA, LLP**

**LAWYERS FOR THE PEOPLE**

_____
PATRICK M. BUELNA
ADANTE D. POINTER
COUNSEL FOR PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 13